UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,  NO. Cr. 2:12-0266 WBS

      Plaintiff,

   v.  ORDER

RANDY K. BARKER,

      Defendant.

                                          /

----oo0oo----

        Defendant, who is represented by appointed counsel James R. Greiner in this action, has filed a pro se motion entitled Motion To Make More Definite And Certain; And To Compel Answers From Attorney James Ralph Greiner.

        Because defendant is represented by counsel, with the possible the exception of a motion to discharge his attorney, he is not entitled to file motions pro se. See United States v. Bergman, 813 F.2d 1027 (9th Cir. 1987). Further, there is no authority for a court to compel an attorney to answer questions for his client. To do so would constitute an unwarranted

1

intrusion into the attorney-client relationship.  See Bregen v. Warden, Lebanon Corr. Inst., No. Civ. 1:09-347, 2010 WL 5811433, at *9 (S.D. Ohio June 18, 2010) ("Court is without the authority to order a face-to-face meeting between an attorney and his or her client or to interfere with the attorney-client relationship.").

In his written motion, and again at oral argument on the motion, defendant also asks the court to reinstate his former lawyer, Joseph Wiseman, as his counsel of record.[1]  Mr. Wiseman, who was originally appointed under the Criminal Justice Act to represent defendant, was granted leave to withdraw on October 29, 2012 after he was sued in state court by the defendant.  Mr. Wiseman argued that it would be a conflict of interest to compel him to represent a client at the same time as he was required to defend himself in a civil suit by the same client.  The United States Attorney took the position that this court had no choice but to grant Mr. Wiseman's motion to withdraw, and the court agreed.

Defendant also in his motion requests further explanation for why he was detained following the hearing on October 29, 2012.  Title 18 U.S.C. § 3142 compels the court to order the detention of a defendant before trial whenever the court finds that no condition or combination of conditions will

---

[1] The court notes that at the same time defendant asks for reappointment of Mr. Wiseman he has filed a pleading alleging that Mr. Wiseman "did not provide competent council (sic) and was a criminal detriment and fully responsible for the false arrest and imprisonment of Randy K. Barker."  He has also apparently filed a complaint with the State Bar of California asking that Mr. Wiseman be disbarred.

reasonably assure the appearance of the defendant.  As the court attempted to explain at the hearing, it no longer believed there was any set of conditions that could reasonably assure future appearances of the defendant.

Although the court had previously allowed defendant to remain at liberty on an unsecured bond, the circumstances had significantly changed since that order was issued.  First, defendant had recently filed numerous documents which indicated he did not recognize the authority of the court to enter its orders.  If a defendant does not acknowledge the validity of the court's orders, the court cannot reasonably expect him to obey them.  Second, the court had considered the presence of Mr. Wiseman as defendant's attorney to be a stabilizing influence.  Without Mr. Wiseman, there was no longer any effective way the court could communicate with defendant.

When, at the subsequent hearing on Defendant's Motion to Reopen Detention Hearing, on November 13, 2012, it appeared that defendant no longer challenged the validity of the court's orders, and it appeared that he had a working relationship with his new attorney, Mr. Greiner, the court restored defendant to bail.  From his most recent filings, however, again challenging the authority of the court and now criticizing Mr. Greiner, it appears that both of those appearances may have been false.  The court expresses no opinion in this Order as to whether the bail issue may have to be again reexamined.

As a Senior Judge of this court, the undersigned has agreed to take on a substantial number of other cases at the end of this month which will need to be reassigned to me due to the

3

full retirement of another judge of this court.  If I am to give proper attention to those and other matters assigned to me, I will not have the time to deal with all of the nonsense I anticipate will continue to be generated by the defendant in this matter.  Since the defendant has accused me of conspiring with the prosecutor, Mr. Wiseman, Mr. Greiner and others against him, and he obviously regards me as his adversary, he should have no objection to this case being reassigned to another judge.

        IT IS THEREFORE ORDERED that defendant's Motion To Make More Definite And Certain; And To Compel Answers From Attorney James Ralph Greiner be, and the same hereby is, DENIED;

        IT IS FURTHER ORDERED that defendant's request to have Joseph Wiseman reappointed as his attorney be, and the same hereby is DENIED;

        AND IT IS FURTHER ORDERED that the Clerk present this case to the Chief Judge for reassignment to another judge for all future proceedings.

DATED:  November 20, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE